**Bernadino DE LA CRUZ,**
**Plaintiff–Appellant,**

v.

**Gerald W. MCENTEE, et al.,**
**Defendants–Appellees.**

No. 03–7680.

United States Court of Appeals,
Second Circuit.

March 29, 2004.

Bernadino De La Cruz, New York, NY, for Appellant, pro se.

Maureen M. Stampp (Ivan D. Smith), Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Appellees, of counsel.

PRESENT: SACK, SOTOMAYOR, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Bernadino De La Cruz, *pro se,* appeals from an order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge* ) granting summary judgment to the defendants-appellees in his employment discrimination action against Gerald McEntee, president of A.F.C.S.M.E., Lee Saunders, Administrator of the union's D.C. 37, and Helen Greene, president of Local 768.

In February 2001, the defendants entered an EEOC-negotiated and -enforced settlement agreement with De La Cruz that provided that "[i]n exchange for satisfactory fulfillment by DC–37 ... of the promises in this agreement, ... De La Cruz ... agrees not to institute a lawsuit under the Americans with Disabilities Act, based on [two complaints filed earlier by De La Cruz]." Settlement Agreement, Feb. 13, 2001, at 1.

In April 2001, De La Cruz filed two new complaints with the EEOC followed by the present suit in district court, asserting the same facts as he had earlier. The district court granted summary judgment for the defendants, agreeing with the EEOC that the settlement agreement had not been breached. This appeal followed.

A settlement agreement may be enforced in federal court if the parties have waived claims under federal law as part of that agreement. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 52, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Summary judgment is appropriate in a contract dispute only where the contract itself is clear and unambiguous; ambiguities or differing interpretations of the contract's provisions ordinarily preclude summary judgment. *See Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 257 (2d Cir.2002).

The district court correctly determined that De La Cruz's claims could not be considered unless they indicated that the defendants breached the settlement agreement. The district court was correct in concluding that the settlement agreement did not require De La Cruz's reinstatement; rather, it provided only for a meeting to discuss that possibility. De La Cruz

concedes that this meeting occurred. The district court also correctly concluded that the union was relieved of its responsibility to investigate (in an expedited manner) De La Cruz's grievances regarding "out-of-title work by Senior Health Advisors" because all such work ceased within six weeks of signing the settlement agreement. Any dispute regarding the union's handling of this investigation was thereby rendered moot. In light of the record, therefore, the district court's grant of summary judgment in the defendants' favor was appropriate.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.